UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANITA SUMERIX, f/k/a ANITA K. STRONG,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>THE UNITED STATES of AMERICA; SHERIDAN LOGISTICS, INC., an Alabama Corporation,<br><br>　　　　　　　Defendant. | CASE NO. 3:19-cv-05976-RBL<br><br>ORDER ON DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS |

## INTRODUCTION

THIS MATTER is before the Court on Defendant United States of America's Motion to Dismiss under Rule 12(c). Dkt. # 18. This case arises out of an injury that Plaintiff Anita Sumerix sustained while working as a truck driver for Defendant Sheridan Logistics, Inc. Complaint, Dkt. # 1, at 4. On March 21, 2017, Sumerix arrived at Naval Base Kitsay, Keyport to pick up a load, as she had done about 50 times before. *Id*. Those previous times, Sheridan had scheduled two drivers to arrive simultaneously so they could assist each other in securing the loads. *Id*. However, that was not the case on March 21. *Id*.

Sumerix alleges that she spoke with a U.S. Navy representative upon arrival (Jane Doe) who "told Ms. Sumerix that they had never had a female truck driver or a solo driver before" and thus offered to have other Navy representatives (John Does 1-3) "assist her in securing and tarping her load." *Id*. Sumerix accepted this offer and John Does 1-3 helped her load her cargo. *Id*. However, rather than stay to help Sumerix tarp her load, these three men apparently wandered off. *Id.* Sumerix tried to tarp the load herself, which she alleges required her to climb onto the trailer to move the tarp. *Id*. at 5. While Sumerix was on the trailer, a gust of wind knocked her off and she was seriously injured. *Id*.

In her one claim for negligence, Sumerix asserts that the U.S. (through its agents) owed her a duty of care both because she was a business invitee injured on U.S. property and because Navy representatives undertook an affirmative duty by agreeing to assist her with loading. *Id*. at 5-6. In its Motion, the U.S. argues that the injury Sumerix suffered was outside the scope of any duty the U.S. owed Sumerix as an invitee because she was not harmed by a condition on U.S. property. The U.S. further argues that it did not undertake an affirmative duty to protect Sumerix because there was not any imminent danger when Jane Doe offered to help Sumerix and Sumerix did not detrimentally rely on the Jane Doe's offer of assistance.

**DISCUSSION**

**1.     Legal Standard**

Under Rule 12(c), "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Analysis under

Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal citation and quotations omitted). The plaintiff must allege a claim that is plausible on its face, meaning "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

On a 12(c) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Under the Federal Tort Claims Act, a defendant is liable "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. Because the alleged injury in this case occurred in the State of Washington, Washington law applies. *See* 28 U.S.C. § 1346(b)(1); *McCall v. U.S. Dept' of Energy*, 914 F.2d 191, 193 (9th Cir. 1990). Under Washington law, "[a] cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed; (2) breach; (3) injury; and (4) proximate cause between the breach and the injury." *Ford v. Red Lion Inns*, 67 Wash. App. 766, 769 (1992).

## 2. Duty to Business Invitees

"In actions involving premises liability, the plaintiff's status as either an invitee, licensee, or trespasser determines the scope of the duty of care owed by the owner or occupier of the property." *Zenkina v. Sisters of Providence in Wash., Inc.*, 922 P.2d 171, 173 (Wash. Ct. App. 1996) (internal citations omitted). Whether a defendant owes a duty is a question of law properly resolved by the court. *Red Lion Inns*, 67 Wash. App. at 769. The parties properly agree that Sumerix was an invitee because she was on U.S. property for purposes related to the business of the owner. *Id.*; *see also Morris v. Vaagen Bros. Lumber*, 130 Wash. App. 243, 249 (2005) ("Employees of an independent contractor are invitees on the premises of the landowner.").

Under Washington law, "[a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger." *Kamla v. Space Needle Corp.*, 147 Wash. 2d 114, 125–26, 52 P.3d 472, 478 (2002) (quoting *Restatement Second of Torts* § 343). In addition, "[a] landowner is liable for harm caused by an open and obvious danger if the landowner should have anticipated the harm, despite the open and obvious nature of the danger." *Id.* at 478.

However, the duty to invitees is rooted in the property owner's responsibility for conditions *on their property*. In *Morris v. Vaagen Bros. Lumber*, for example, the decedent was killed when he was disassembling sawmill equipment that was providing structural support to a building, which collapsed when the equipment was removed. 130 Wash. App. at 246, 250. The court affirmed dismissal of the plaintiff's claim because the equipment, which allegedly caused

the death, was "not a condition on the land." *Id*. at 250; *see also Ganno v. Lanoga Corp.*, 119 Wash. App. 310, 316 (2003) (dismissing claim where defendant did not secure a wooden beam after placing it in plaintiff's truck because there was "no evidence that a condition or activity on [the defendant's] property caused [the plaintiff's] injury.").

Here, Sumerix's claim cannot find support in a business invitee theory of liability. The alleged source of Sumerix's injury was not any condition unique to the U.S.'s property, but rather a combination of her own vehicle and a natural weather occurrence. Sumerix could have sustained the same injury if she had tried to tarp her load alone in any other location; she does not allege, for example, that the Navy facility had an uneven surface that impacted her footing or a hole in the wall that created a wind tunnel. Imposing liability on the property owner in this situation would thus be equivalent to imposing liability on a homeowner when an independent contractor's defective saw injured them. In both situations, the danger has nothing to do with the property and everything to do with what the plaintiff brought onto the property from the outside. Sumerix's claim based on an invitee theory of liability therefore fails.

**3.     Affirmative Duty/Rescue Doctrine**

"[L]iability can arise from the negligent performance of a voluntarily undertaken duty." *Folsom v. Burger King*, 135 Wash. 2d 658, 676 (1998). "A person who voluntarily promises to perform a service for another in need has a duty to exercise reasonable care when the promise induces reliance and causes the promisee to refrain from seeking help elsewhere." *Id*. (citing *Brown v. MacPherson's, Inc.*, 86 Wash.2d 293, 299 (1975)). The Washington Supreme Court has held that reliance is the "linchpin" of this so-called "rescue doctrine." *Osborn v. Mason Cty.*, 157 Wash. 2d 18, 25 (2006) (en banc). "No duty can exist under the rescue doctrine without this privity of reliance." *Id*.; *see also Folsom*, 135 Wash. 2d at 677 (finding to duty under rescue

doctrine due to lack of reliance). The rescue doctrine also requires that the defendant "knows a danger is present" before they attempt to aid the person in need. *Folsom*, 135 Wash. 2d at 677. Indeed, Washington courts have held that the danger "must be imminent." *French v. Chase*, 48 Wash. 2d 825, 830 (1956) (citing *Hawkins v. Palmer*, 29 Wash. 2d 570 (1947)).

Sumerix's affirmative duty/rescue doctrine theory of liability suffers from two fatal flaws. First, while the Navy representatives may have undertaken to assist Sumerix in securing her load, they did not undertake a duty to protect Sumerix from an imminent, or even apparent, danger. Sumerix does not allege that there was any ascertainable danger when the Jane Doe offered to assist Sumerix, nor does she allege that anyone promised to do anything more than help her out with a task that is difficult for one person. Indeed, the catalyst for Sumerix's injury—a gust of wind—is not alleged to have been a threat when the Navy representatives undertook to help Sumerix.

Second, and more importantly, Sumerix does not and cannot plausibly allege that she detrimentally relied on the Navy representatives' offer of assistance. Sumerix does not allege that she cancelled plans to obtain help from elsewhere as a result of the Jane Doe's offer, nor does she claim that her decision to tarp the trailer alone was in any way compelled by the John Does leaving prematurely (the fact that she was able to contact her employer and get help after falling shows that she could have called earlier to arrange help with the tarp). Instead, after the John Does left, Sumerix was back in the same position she would have been in had no one offered to help in the first place. This is the opposite of reliance.

Indeed, this case is different in kind from those where courts have found an affirmative duty based on reliance. *See, e.g., Meneely v. S.R. Smith, Inc.*, 101 Wash. App. 845, 860 (2000) (promulgator of pool safety standard had duty because manufacturers relied on standards for

information on safe combinations of pools and diving boards); *Brown v. MacPherson's, Inc.*, 86 Wash. 2d 293, 300, 545 P.2d 13, 18 (1975) (finding duty where a third party relied on the state's promise to warn the decedent of danger). While Sumerix argues that the discovery process will "illuminate" how the Navy representatives' promise "prevented [Sumerix] from obtaining other assistance," this does not seem possible. Opposition, Dkt. # 19, at 5. Sumerix's decision to tarp her trailer alone could not logically or plausibly have been induced by the Navy representatives' attempt to help her earlier. Consequently, her negligence claim cannot succeed.

## CONCLUSION

For the above reasons, the Court GRANTS the U.S.'s Motion to Dismiss. Further, because the Court concludes that Sumerix's theories of liability with respect to the U.S. are legally deficient, she cannot amend her complaint to remedy them. The dismissal is with prejudice and without leave to amend.

IT IS SO ORDERED.

Dated this 30th day of March, 2020.

Ronald B. Leighton
United States District Judge